1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHELLEY'S TOTAL BODY WORKS, et al.,

        Plaintiffs,

  v.

CITY OF AUBURN, et al.,

        Defendants.

No. C07-126P

ORDER REMANDING CASE TO STATE COURT

13
14
15
16
17

        The Court makes this order sua sponte. On January 26, 2007, Defendant City of Auburn removed this action from King County Superior Court to this Court. Having reviewed Plaintiffs' complaint, the Court finds that it lacks subject matter jurisdiction over this action. Therefore, the Court ORDERS that this case be REMANDED to King County Superior Court. The reasons for the Court's order are set forth below.

**Background**

        Proceeding pro se, Plaintiffs John and Shelley Erickson[1] filed this complaint in King County Superior Court on December 29, 2006 against the City of Auburn, Peter B. Lewis, Paul Krauss, and Charles Joiner. In its notice of removal, the City of Auburn stated the following basis for removal of the complaint:

---

[1] An entity called "Shelley's Total Body Works" is also named as a plaintiff in the caption of the complaint. An attorney has since entered an appearance on behalf of the Ericksons.

ORDER - 1

> This matter is subject to removal because the Plaintiffs have alleged in their Complaint, a copy of which is attached hereto and marked as Exhibit A, and by this reference incorporated herein, that the Defendant City of Auburn has violated Plaintiffs' rights secured by the laws of the United States. To wit, at page 21 of the Complaint, paragraph 17.13 references made in the Complaint to the Constitution of the United States and Amendment Nos. 9 and 14 of the Constitution. Although Plaintiffs do not appear to directly state what cause of action they have against the City of Auburn based on the Constitution of the United States, the undersigned, upon information and belief, believes this allegation is sufficient to remove this case to Federal Court. In addition, at page 29 of the Complaint, paragraph 22.6, the Plaintiffs appear to allege civil damages for interference with issuance of a building permit and appear to attempt to state a claim under state and federal law.
>
> Thus, Plaintiffs' Complaint appears to allege claims based upon the laws of the United States and this Court has original jurisdiction in light of said claims pursuant to 28 U.S.C. § 1331.

(Notice of Removal at 1-2).

Plaintiffs' complaint is difficult to comprehend. Generally speaking, Plaintiffs complain of the conduct of the City of Auburn and its officials in considering various permit applications. The complaint runs 33 pages and includes more than 300 numbered paragraphs. The subheadings for the complaint provide little assistance in determining what claims Plaintiffs may be attempting to maintain in this action. The subheadings include "IV. Duty Proximate Cause," "VIII. Violations, Results of Despoil," and "XV. Despotism and Conspiracy Injury's [sic]." Plaintiffs have also attached nearly 200 additional pages as exhibits to their complaint.

Of the three hundred-plus paragraphs in Plaintiffs' complaint, Defendant points to two paragraphs to support its removal of the action to federal court. First, Defendant cites paragraph 17.13, in which Plaintiffs include the text of the Ninth and Fourteenth Amendments to the United States Constitution. (Complaint at 21). Second, Defendant cites paragraph 22.6, in which Plaintiffs state:

> Civil Liability: The state of being legally obligated for civil damages: cite as 134 Wash. 2d 947, 954 p.2d 250: any intrreference [sic] with the issuance of a building permit when a property owner is entitled to that building permit gives a right to a claim under the State and Federal law.

Id. at 29.

ORDER - 2

1   Plaintiffs also make numerous references to Washington state law and statutes in their
2   complaint. See, e.g., Complaint at ¶ 8.13b (RCW 43.22.455); ¶ 8.14a (RCW 9A.04.110(25); ¶ 11.6
3   (various sections of RCW 43.22); ¶ 15.3c (RCW 9A.08.010); ¶ 17.8 (WAC 296-150M-0600).

**Analysis**

Under 28 U.S.C. § 1441(b), a defendant may remove a civil action brought in a state court to federal court if the complaint includes a claim "arising under" federal law. However, the federal removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); see also Murphy v. Aetna Life Ins. Co., 2006 WL 3218664 at *1 (D. Ariz. Nov. 2, 2006) ("a district court may remand a removed case sua sponte if it determines that it lacks subject matter jurisdiction over the case").

Here, Defendant has asserted federal question jurisdiction as the basis for removal. "In general, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990). Federal courts "strictly construe the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden is on the defendant to establish that removal is proper. Id.

Here, Defendant's own notice of removal displays uncertainty as to whether Plaintiffs' complaint actually presents a federal claim. Defendant states that Plaintiffs' complaint "appears to allege claims based on the laws of the United States." (Notice of Removal at 2). Defendant's use of the word "appears" reflects the difficulty in comprehending what claims Plaintiffs may be attempting to

ORDER - 3

maintain in this case. The complaint is not consistent with the standards of Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

In essence, Defendant has based removal of this case on two references to federal law in a 33 page, 300 paragraph complaint. Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction. See, e.g., Casey v. Midwest Title Serv., Inc., 2006 WL 2862457 at *2 (N.D. Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction"); Patterson v. Campbell, 2006 WL 354974 at *3 (M.D. Tenn. Feb. 14, 2006) ("ambiguity defeats removal"); Maguire v. Telcom Global Solutions, 2003 WL 124475 at *3 (N.D. Tex. Jan. 10, 2003) ("vague reference to federal law is simply insufficient to satisfy [Defendant's] burden of establishing that this case involves a federal question"); Matthews v. Stewart, 207 F. Supp.2d 496, 499 (M.D. La. 2001) ("In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction"); Rabinowitz v. Benson, 1992 WL 309808 at *1 (S.D.N.Y. 1992) (removal improper where "complaint made only a vague reference to federal law, without specifically alleging a cause of action" under federal law).

In this case, the Court cannot find that the vague and passing references to federal law in Plaintiffs' complaint are sufficient to support removal based on federal question jurisdiction. As noted above, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Therefore, the Court will remand this case to state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**Conclusion**

It is unclear what claims Plaintiffs may be attempting to assert in this removed action and the references to federal law in Plaintiffs' complaint are vague and passing references at most. Under these circumstances, the Court finds that it lacks subject matter jurisdiction over this removed action.

1  Therefore, the Court therefore REMANDS this case to King County Superior Court pursuant to 28
2  U.S.C. § 1447(c).

3  The Clerk is directed to send copies of this order to all counsel of record.

4  Dated: March 9, 2007.

s/Marsha J. Pechman<br>
Marsha J. Pechman<br>
United States District Judge

ORDER - 5